# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Fred Telford, ) | |
| ) | Civil Action No.: 6:18-cv-01306-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Hector C. Joyner, *Warden*, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on July 13, 2018 (ECF No. 14). The Report addresses Petitioner Fred Telford's ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241 and recommends that the court dismiss the Petition without prejudice. (ECF No. 14 at 5.) For the reasons stated herein, the court **ACCEPTS** the Report (ECF No. 14), incorporating it herein, and **DISMISSES** the Petition for a Writ of Habeas Corpus (ECF No. 1) without prejudice and without requiring Respondent Hector C. Joyner ("Respondent") to file an answer or return.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 14.) As brief background, Petitioner, proceeding *pro se*, filed the instant Petition on May 8, 2018.[1] (ECF Nos. 1, 1-2.) Within his Petition, Petitioner

---

[1] Under the prison mailbox rule, "a pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) (quoting *Houston v. Lack*, 487 U.S. 266, 275 (1988)). In the instant case, Petitioner declares that he delivered his Petition for a Writ of Habeas Corpus (ECF No. 1) to prison authorities on May 8, 2018. (ECF No. 1-2 at 1.) Therefore, pursuant to *Houston* and for purposes of the prison mailbox rule, Petitioner's Petition was filed on May 8, 2018. 487 U.S. at 275.

1

challenges the validity of his sentence from a bank robbery conviction. (ECF No. 1 at 1–2, 6–7.) Petitioner maintains that he received an "erroneous two[-]point enhancement" and that his sentencing court used an incorrect United States Sentencing Guideline provision, which caused his sentence to exceed the recommended range. (*Id.* at 7–9.) For relief, Petitioner requests the court to "vacate and remand" his case for resentencing. (*Id.* at 10.)

The Magistrate Judge filed his Report on July 13, 2018. (ECF No. 14 at 2.) The Report reasoned that "[P]etitioner cannot meet all four prongs of the savings clause test outlined in" *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). (*Id.* at 5.) Additionally, the Report concluded that "Petitioner is not suggesting that there has been a change in the law," allowing him to use a petition under 28 U.S.C. § 2241 to attack his sentence, as opposed to using 28 U.S.C. § 2255. (*Id.*) In other words, the Magistrate Judge found that Petitioner "has not demonstrated that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence thereby allowing him to file a § 2241 petition." (*Id.*) The parties were apprised of their opportunity to file objections to the Report on July 27, 2018. (*Id.* at 6.) Neither party objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v.*

*Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant Petition. (ECF No. 14.) Since no specific objections were

filed by either party and the court discerns no clear error within the Report, the court adopts the Report herein. *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14) and incorporates it herein. The court **DISMISSES** Plaintiff's Petition for a Writ of Habeas Corpus (ECF No. 1) without prejudice and without requiring Respondent to file an answer or return.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 6, 2019
Columbia, South Carolina